1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10                   **WESTERN DIVISION**
11

12  **ROBERT SOGHOMONYAN,**                    )
13                     Petitioner,             )          **ORDER**
              v.                               )
14                                             )          ED CV 26-00503-VBF-AGR
15  FERETI SAMAIA (Warden) *et al.,*           )          PRELIMINARY INJUNCTION
                                               )
16                     Respondents.            )
17  _____)

18   **Petitioner's Motion for a Preliminary Injunction is GRANTED.**

19   The temporary restraining order ("TRO") directed respondents to either
20

21   (a)   Immediately release Petitioner from immigration custody under reasonable
           conditions of supervision; OR
22
23   (b)   Provide Petitioner, no later than Monday, March 9, 2026, a prompt
           individualized custody determination before a neutral Immigration Judge at
           which Respondents bear the burden of demonstrating by clear and convincing
24         evidence that Petitioner poses a flight risk or danger to the community
           sufficient to justify continued detention.
25

26   The parties agree that respondents afforded petitioner a bond hearing last Friday, March 6,

27   2026. However, for the reasons stated by petitioner in his motion to enforce the TRO, the

28   Court finds that the hearing did not comply with the federal due process guarantee as

     interpreted by the TRO. Specifically, petitioner alleges, without contradiction from the

respondents, that the immigration judge at the March 6, 2026 violated the TRO by placing the burden on petitioner to prove that he was not a flight risk or a danger to the public safety if released from immigration detention (rather than requiring the government to establish flight risk or public danger by clear and convincing evidence).  In other words, the respondents did not comply with the TRO's condition precedent to keeping petitioner in immigration detention; respondents did not take either of the permitted actions (releasing petitioner or giving him a legally compliant hearing).

**Accordingly, respondents SHALL IMMEDIATELY RELEASE petitioner, subject to reasonable conditions in an Order of Supervision**.

**Pending a final ruling on the petition for a writ of habeas corpus:**

– **Respondents remain enjoined from moving Petitioner** outside the jurisdiction of this Court without prior Court order.

– **Respondents are enjoined from redetaining petitioner without promptly affording an individualized custody / bond hearing** and meaningful opportunity to challenge the redetention.  At any such hearing, the immigration judge shall require the government to establish flight risk or public danger by clear and convincing evidence,

Pursuant to Fed. R. Civ. Pro. 65 subsection c, security is unnecessary.

IT IS SO ORDERED.

Dated:  March 11, 2026

_____
Honorable Valerie Baker Fairbank
Senior United States District Judge

2